ORIENTAL TISSUE CO. v. LOUIS DE JONGE & CO.

(Circuit Court of Appeals, Second Circuit.   June 19, 1916.)

No. 288.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—THIN LEAF OR FABRIC.

   The Gregory patent, No. 848,301, for a thin leaf or fabric composed entirely of soluble cotton and a coloring matter incorporated therein, intended to be used for decorative purposes instead of metal leaf, *held* valid, but not infringed by defendant's article, which was composed of a large quantity of resinous matter.

   Chatfield, District Judge, dissenting in part.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Oriental Tissue Company against Louis De Jonge & Co.   From a decree dismissing the bill, but holding complainant's patent valid, both parties appeal.   Affirmed.

F. C. Seward, of New York City (Brown & Seward and Wm. McK. Barber, all of New York City, of counsel), for complainant.

Seward Davis, of New York City (D. W. Cooper and Charles E. Wilson, both of New York City, of counsel), for defendant.

Before COXE and WARD, Circuit Judges, and CHATFIELD, District Judge.

WARD, Circuit Judge.   Upon appeal from an interlocutory decree in a former suit between these same parties, 218 Fed. 170, 134 C. C. A. 50, we held that a thin metallic sheet composed entirely of soluble cotton and a coloring matter was new, and that the patent for the article was valid even if there was some resin incidentally contained in the elements mentioned.

In this case the defendants call our attention much more extensively to the prior art and especially to foreign patents, in view of which they contend that the patent should now be held invalid and if this be not so, that as a much larger quantity of resinous matter is deliberately used in their new leaf, they do not infringe.

In the former case our position was that Gregory was the first person to produce thin metallic sheets as a substitute for gold leaf, silver leaf, and so forth and that he made a very great contribution to the decorative art, especially of embossing and bookbinding.   The additional prior patents now called to our attention covering processes by which thin sheets or films may be made by flowing upon a glass surface mixtures of nitrocellulose or gun cotton or pyroxylin or collodion, which are similar to soluble cotton, in combination with a volatile solvent and coloring matter do not change our views.   As before, we find no claim for thin metallic sheets as a substitute for gold leaf, silver leaf, and so forth.   They were never produced until Gregory produced them.   Therefore we remain of the opinion that the patent is valid and most meritorious.

It is further contended that the plaintiff's assignor in applications for a British and a German patent described his invention as thin metallic sheets made in a specified way, viz., by pouring his mixture upon the surface of water. The exigencies of the patent authorities in these foreign countries may have been such as to make him willing to accept a narrower patent there than he felt entitled to or could get here. The evidence was relevant but not conclusive.

When we come to the question of infringement some effect must be given to the limitation which the Patent Office imposed on the inventor in according him his second claim now sued on and which he accepted, viz., that the leaf should be *entirely* composed of soluble cotton and a coloring matter. With a view to sustaining the invention as far as possible, we held in the former case that this description might include such an amount of resin as is found in the soluble cotton of commerce. A line, however, must be drawn somewhere, and we think Judge Mayer was right in holding that the defendants' article as now made is not entirely composed of soluble cotton and coloring matter, and therefore does not infringe.

Decree affirmed.

CHATFIELD, District Judge. I concur in affirming the decree dismissing the bill, but it seems to me that claim 2 of the patent is shown, *upon the record in the present case,* to be invalid unless limited to substantially the same product as was the subject-matter of the other claims in the patent. When so limited, the defendant's product is not an infringement.